IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CONSTANCE MELLANG                                                                    PLAINTIFF

VS.                                         CIVIL NO. 07-3002

MICHAEL J. ASTRUE,[1] COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                                       DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Constance Mellang, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for disability insurance benefits ("DIB") under the provisions of Title II of the Social Security Act (the "Act").

**Procedural Background:**

The applications for DIB and SSI now before this court were filed on October 18, 2002, alleging an onset date of April 1, 2000, high cholesterol; fatigue; pain in her wrist, back, neck fingers, feet, knees, and shoulders; headaches; nightmares; night sweats, Graves disease; goiter, inability to concentrate, and joint pain. (Tr. 17, 531-533, 536-538, 541). Plaintiff's application was approved, but the agency determined that her true onset date was March 3, 2004. (Tr. 521-545). She objected to this date, and an administrative hearing was held on March 3, 2004. (Tr. 521-545). Plaintiff was present and represented by counsel.

---

[1]Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should, therefore, be substituted for Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

At the time of the administrative hearing, plaintiff was forty-nine years old and possessed a high school education.  (Tr. 17).  The record indicates that she had past relevant work experience as bookkeeper.  (Tr. 17).

On June 25, 2004, the Administrative Law Judge ("ALJ") issued a partially favorable written decision concluding that plaintiff was disabled as of April 1, 2002.  (Tr. 24).  However, he determined that plaintiff retained the RFC to perform a full range of light work from April 1, 2000, until April 1, 2002.  As her PRW as an enrolled agent/bookkeeper did not require the performance of work-related activities precluded by her RFC, the ALJ concluded that plaintiff was not disabled during this time period.  (Tr. 24).

On November 1, 2006, the Appeals Council declined to review this decision.  (Tr. 4-6). Subsequently, plaintiff filed this action.  (Doc. # 1).  This case is before the undersigned for report and recommendation.  Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 5, 6).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided

the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003), 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work

experience in light of his or her residual functional capacity.  *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

In the instant case, plaintiff filed additional medical evidence with the Appeals Council. Under the regulations, "if a claimant files additional medical evidence with a request for review prior to the date of the [Commissioner's] final decision, the Appeals Council MUST consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Williams v. Sullivan*, 905 F.2d 214, 215-216 (8th Cir. 1990).  However, the timing of the evidence is not dispositive of whether the evidence is material. *Id*.  Evidence obtained after an ALJ decision is material if it related to the claimant's condition on or before the date of the ALJ's decision.  *Basinger v. Heckler*, 725 F.29 1166, 1169 (8th Cir. 1984).

Once it is clear that the Appeals Council has considered newly submitted evidence, we do not evaluate the Appeals Council's decision to deny review.  Instead, our role is limited to deciding whether the administrative law judge's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made. *See, e.g., Nelson,* 966 F.2d at 366, and *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir. 1992).  Of necessity, that means that we must speculate to some extent on how the administrative law judge would have weighed the newly submitted reports if they had been available for the original hearing.  We consider this to be a peculiar task for a reviewing court.  *See Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994).

We note that the additional medical evidence submitted to the Appeals Council contains an RFC assessment from Dr. Robert Foster, one of plaintiff's treating doctors.  He stated that, "based upon a reasonable degree of medical certainty," plaintiff was "permanently disabled during the period of time from April 16, 2000, to April 2002, as a result of clinical notes and the diagnoses that she was given in the year 2002, of severe degenerative disc disease in the spine." (Tr. 389).  Dr. Foster was of the opinion that a person with the amount of degenerative disc disease plaintiff had when she was diagnosed in 2002, would have also had severe disc disease for at least the two years prior to her diagnosis.  He also completed an RFC assessment, for the relevant time period, indicating that plaintiff could lift less than 10 pounds and 10 pounds occasionally, but never more; could sit, stand, and walk a total of 4 hours per day; could occasionally twist and stoop, but never crouch, climb ladders, or climb stairs; and, would miss approximately 4 days of work per month due to her impairments and treatment.  (Tr. 391-394).

Medical records before the ALJ also indicate that plaintiff had a history of a coccyx fracture and lower back pain, due to physical abuse by her ex-husband.  (Tr. 190, 191, 193, 195).  The record reveals reports of pain as early as 1998.  Given the fact that the only other RFC assessments contained in the file were completed by either non-examining or one-time consultative doctors, we believe that had Dr. Foster's assessment been available to the ALJ, it would have impacted his decision.  According, remand is necessary to allow the ALJ to consider the additional medical evidence plaintiff submitted to the Appeals Council.

The evidence also reveals that plaintiff was suffering from depression and anxiety as early as 1998.  (Tr. 191).  It was also suspected that plaintiff may have also been sexually abused as a child.  (Tr. 178, 406).  In April 1998, Dr. Adele Lindstrom recommended that plaintiff undergo

counseling.  However, plaintiff indicated that she was not in a position to afford counseling at that time.  (Tr. 178).  A lack of sufficient financial resources to follow prescribed treatment to remedy a disabling impairment may be an independent basis for finding justifiable cause for noncompliance. *See Tome v. Schweiker*, 724 F.2d 711, 714 (8th Cir. 1984).  As such, on remand, the ALJ should also reconsider plaintiff's mental limitations and properly evaluate plaintiff's alleged financial inability to afford counseling.

In addition, plaintiff prepared a response to Dr. Abraham's consultative report.  (Tr. 164-168).  While the ALJ is in the best position to evaluate the credibility of the plaintiff, we believe that this response should be considered by the ALJ prior to rendering an opinion.  It does, at the very least, raise some important questions concerning Dr. Abraham's report.

**Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of December 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE